STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**

August 26, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CHAD A. BISHOP,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0882**  (BOR Appeal No. 2050287)
(Claim No. 2013009273)

**CLIFF'S LOGAN COUNTY COAL,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Chad A. Bishop, by Reginald Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Cliff's Logan County Coal, by Sean Harter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 1, 2015, in which the Board affirmed a February 18, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 4, 2014, decision denying a request to add right shoulder impingement as a compensable component of Mr. Bishop's claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Bishop injured his right shoulder on October 2, 2012, while lifting a cable. On October 12, 2012, his claim for workers' compensation benefits was held compensable for a right shoulder sprain/strain. Initial diagnostic imaging revealed the possibility of a partial-thickness tear of the supraspinatus tendon. Robert McCleary, D.O., Mr. Bishop's treating physician, performed a right shoulder arthroscopy on January 31, 2013, and made a post-operative diagnosis of right shoulder impingement. The presence of a torn tendon in the right

1

shoulder was not noted. Thereafter, Dr. McCleary requested that right shoulder impingement be added as a compensable component of the claim.

On April 3, 2014, Prasadarao Mukkamala, M.D., issued a supplemental report following an independent medical evaluation performed by him on December 10, 2013, in which he specifically addressed the compensability of the diagnosis of right shoulder impingement. He opined that the diagnosis of right shoulder impingement is not causally related to the October 2, 2012, injury, but rather arose from degenerative changes which were naturally-occurring and not injury-related. The claims administrator denied Dr. McCleary's request to add right shoulder impingement as a compensable diagnosis on April 4, 2014.

Jerry Scott, M.D., performed an independent medical evaluation. By report dated May 20, 2014, he opined that the diagnosis of right shoulder impingement is attributable to pre-existing conditions. Dr. Scott further opined that Mr. Bishop's medical records demonstrate that he has a history of chronic degenerative changes in the right shoulder, and also opined that the surgery performed by Dr. McCleary was aimed at treating those degenerative changes. Finally, in a letter dated June 27, 2014, Dr. McCleary opined that the diagnosis of right shoulder impingement is related to the compensable right shoulder sprain.

The Office of Judges affirmed the April 4, 2014, claims administrator's decision on February 18, 2015. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated September 1, 2015. On appeal, Mr. Bishop asserts that the diagnosis of right shoulder impingement should be added as a compensable diagnosis pursuant to Dr. McCleary's request that the diagnosis be added as a compensable component of his claim.

The Office of Judges found the opinion of Dr. Scott to be persuasive. In relying on Dr. Scott's opinion, the Office of Judges concluded that a preponderance of the evidence demonstrates that the condition of right shoulder impingement pre-existed the October 2, 2012, injury and is therefore unrelated to Mr. Bishop's employment. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review. Although Dr. McCleary attributed the diagnosis of right shoulder impingement to Mr. Bishop's October 2, 2012, injury, both Dr. Mukkamala and Dr. Scott opined in well-reasoned reports that the diagnosis of right shoulder impingement is unrelated to the October 2, 2012, injury and arose instead as a result of pre-existing degenerative changes.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 26, 2016**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Menis E. Ketchum
Justice Margaret L. Workman